1  GENNADY L. LEBEDEV, ESQ. (SBN: 179945)
   Email: Gennady@LMHlawyers.com
2  ETHAN O. MICHAEL, ESQ. (SBN: 221666)
   Email: Ethan@LMHlawyers.com
3  LEBEDEV, MICHAEL & HELMI
   10999 Riverside Drive, Ste. 201
4  Studio City, California 91602
   Telephone: (818) 757-7677
5  Facsimile: (818) 757-7047

6  Attorneys for Plaintiff,
7  911 Restoration Franchise, Inc.

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 911 RESTORATION FRANCHISE, INC., a California corporation,<br>    Plaintiff,<br><br>vs.<br><br>GARY BLAKENEY, an individual, dba 911 RESTORATION OF CLEVELAND, OH and dba RESTORATION 911 and dba 911 RESTORATION OF COLUMBUS OHIO; 911 RESTORATION OF CLEVELAND OHIO, INC., an Ohio corporation; and DOES 1 to 10, inclusive,<br><br>    Defendants. | **Case No. 2:15-cv-00629-R-SH**<br><br>**PRELIMINARY INJUNCTION**<br><br>(after hearing on May 18, 2015) |

Pending before this Court is an Application for Preliminary Injunction against the Defendants, GARY BLAKENEY, an individual, dba 911 RESTORATION OF CLEVELAND, OH and dba RESTORATION 911 and dba 911 RESTORATION OF COLUMBUS OHIO; 911 RESTORATION OF CLEVELAND OHIO, INC., an Ohio corporation, and each of them (collectively, the "Defendants"). No opposition has been filed. At the hearing, duly scheduled

1

**PRELIMINARY INJUNCTION**

and held on May 18, 2015, Gennady L. Lebedev of the firm Lebedev, Michael & Helmi appeared on behalf of Plaintiff, 911 RESTORATION FRANCHISE, INC. ("911 RESTORATION" or "Plaintiff"). There was no appearance by any of the Defendants herein.

Plaintiff's application for preliminary injunctive relief is hereby granted as follows.

To obtain preliminary injunctive relief a plaintiff must show that he is likely to succeed on the merits, he is likely to suffer irreparable harm, the balance of the equities tips in plaintiff's favor and an injunction is in the public interest. *Stormans, Inc. vs. Selecky* 586 F.3d 1109 (9th Cir. 2009).

Plaintiff here is seeking preliminary injunction to:

1. Immediately cease to operate the franchise businesses under the franchise agreements, and shall not thereafter directly or indirectly represent to the public or hold themselves out as present or former franchisees of Plaintiff.

2. Immediately and permanently cease to use in any manner whatsoever any confidential information, methods, procedures, and techniques associated with the system and the marks.

3. Cease to use all signs, advertising materials, displays, stationary forms and any other items which display the marks.

4. Take such actions as may be necessary to cancel any assumed name or equivalent registration which contains mark "911 Restoration," or any other

mark, and furnish Plaintiff satisfactory evidence that they have done so.

5. Not to use any reproduction, counterfeit, copy or colorable imitation of the marks in connection with any other business which is likely to cause confusion, mistake or deception, or which is likely to dilute Plaintiff's rights in and to the marks.

6. Not to use any designation of origin, description or representation which falsely suggests or represents an association or connection with Plaintiff constituting unfair competition.

7. Immediately deliver to Plaintiff all manuals, records, files, instructions, correspondence, software programs, and other materials related to the operation of the franchise businesses in Defendants' possession or control and all copies thereof and retain no copy or record of any of the foregoing.

8. Comply with the restrictions against the disclosure of confidential information and against competition, as set forth in Articles 13 and 14 of the franchise agreements, and cause any other person required to execute similar covenants to comply with such covenants.

9. Assign to Plaintiff all rights to the telephone numbers of the franchise businesses and any related Internet business directories or listings or other business listings.  Execute all forms and documents required by Plaintiff and all telephone companies at any time to transfer such services and numbers to Plaintiff, and thereafter use different telephone numbers at or in connection with

any subsequent business conducted by Defendants.

10. Cease competing either directly or indirectly with the Plaintiff or from remaining in a similar franchise business for a period of two years, and within 50 miles radius of the perimeter of Cuyahoga, Medina, Lorain and Franklin counties in the state of Ohio, or within distance of 50 miles of the location of any 911 Restoration Franchise business.

11. Cease and desist from using any telephone numbers listed in the Yellow Pages or White Pages of any telephone directory under the name 911 Restoration or any other name similar thereto.

First, Plaintiff is likely to succeed on its trademark infringement claims.

Plaintiff here has a registered trademark on 911 Restoration. That is prima facie evidence of the ability of the mark and of claimant's exclusive right to use it.

Plaintiff has also sufficiently demonstrated likelihood of confusion, and it has proffered evidence that Defendants continue to use 911 Restoration's actual registered trademarks on various materials, including signs, displays, printed materials, advertising and marketing materials.

Second, that for the same reasons, Plaintiff is also likely to succeed on the merits of its claims seeking Defendants' specific performance of certain post-default or post-termination rights under the franchise agreements, because those duties include cessation of use of Plaintiff's mark so as to diminish likelihood of confusion and dilution of Plaintiff's goodwill.

**PRELIMINARY INJUNCTION**

Here, the threat of injury is of damage to Plaintiff's goodwill due to Plaintiff's inability to oversee and control Defendants' work and customer service.

The Ninth Circuit has held that "evidence of loss of control over business reputation and damage of goodwill could constitute irreparable harm." *Herb Reed Entertainment, LLC vs. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013).

Accordingly, irreparable harm has been shown. The balance of the hardships similarly favors granting preliminary relief here where Plaintiff is likely suffer injury to its goodwill, but Defendants are not faced with any risk save being halted from continuing to benefit from Plaintiff's mark recognition.

Finally, the public interest also favors granting relief because there is a strong public interest in preventing customer confusion and fraud. As explained, likelihood of confusion is high here. This is especially true where a franchisee once had authorization to use a mark, which he has subsequently lost but continues to use the mark.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Application for Preliminary Injunctive relief is GRANTED. During the pendency of this action, Defendants, Gary Blakeney dba 911 Restoration of Cleveland, OH dba Restoration 911 dba 911 Restoration of Columbus Ohio; and 911 Restoration of Cleveland Ohio, Inc. and each of their agents, servants, employees, partners, assigns and all those acting under in concert with such Defendants are hereby prohibited,

restrained, enjoined from engaging in any of the following acts and compelled to act in accordance with this Court's Order to:

- Immediately cease to operate the franchise businesses under the franchise agreements, and shall not thereafter directly or indirectly represent to the public or hold themselves out as present or former franchisees of Plaintiff;

- Immediately and permanently cease to use in any manner whatsoever any confidential information, methods, procedures, and techniques associated with the system and the marks;

- Cease to use all signs, advertising materials, displays, stationary forms and any other items which display the marks;

- Take such actions as may be necessary to cancel any assumed name or equivalent registration which contains mark "911 Restoration," or any other mark, and furnish Plaintiff satisfactory evidence that they have done so;

- Not to use any reproduction, counterfeit, copy or colorable imitation of the marks in connection with any other business which is likely to cause confusion, mistake or deception, or which is likely to dilute Plaintiff's rights in and to the marks;

- Not to use any designation of origin, description or representation which falsely suggests or represents an association or connection with Plaintiff constituting unfair competition;

- Immediately deliver to Plaintiff all manuals, records, files, instructions, correspondence, software programs, and other materials related to the operation of the franchise businesses in Defendants' possession or control and all copies thereof and retain no copy or record of any of the foregoing;

- Comply with the restrictions against the disclosure of confidential information and against competition, as set forth in Articles 13 and 14 of the franchise agreements, and cause any other person required to execute similar covenants to comply with such covenants;

- Assign to Plaintiff all rights to the telephone numbers of the franchise businesses and any related Internet business directories or listings or other business listings. Execute all forms and documents required by Plaintiff and all telephone companies at any time to transfer such services and numbers to Plaintiff, and thereafter use different telephone numbers at or in connection with any subsequent business conducted by Defendants;

- Cease competing either directly or indirectly with the Plaintiff or from remaining in a similar franchise business for a period of two years, and within 50 miles radius of the perimeter of Cuyahoga, Medina, Lorain and Franklin counties in the state of Ohio, or within distance of 50 miles of the location of any 911 Restoration Franchise business;

- Cease and desist from using any telephone numbers listed in the

Yellow Pages or White Pages of any telephone directory under the name 911 Restoration or any other name similar thereto.

Further, under Rule 65(c) "no restraining order or preliminary injunction shall issue except upon giving of security by the applicant in such sum as the Court deems proper for the payment of such costs and damages as may be incurred or suffered by any party who was found to have been wrongfully enjoined or restrained.

The Court finds that the minimal bond is proper here in the amount of $1,500.00.

The above Preliminary Injunctive Order is effective immediately upon the posting of such bond.

IT IS SO ORDERED.

Dated: June 22, 2015    _____
                        Honorable Manuel Real
                        United States District Judge

Presented by

By:   /s/ Gennady L. Lebedev                              .
      LEBEDEV, MICHAEL & HELMI
      Attorneys for Plaintiff, 911 Restoration Franchise, Inc.

CC: FISCAL