GENNADY L. LEBEDEV, ESQ. (SBN: 179945)
Email:  Gennady@LMHlawyers.com
ETHAN O. MICHAEL, ESQ. (SBN: 221666)
Email:  Ethan@LMHlawyers.com
LEBEDEV, MICHAEL & HELMI
10999 Riverside Drive, Ste. 201
Studio City, California 91602
Telephone: (818) 757-7677
Facsimile: (818) 757-7047

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff,
911 Restoration Franchise, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 911 RESTORATION FRANCHISE, INC., a California corporation,<br>    Plaintiff,<br><br>vs.<br><br>GARY BLAKENEY, an individual, dba 911 RESTORATION OF CLEVELAND, OH and dba RESTORATION 911 and dba 911 RESTORATION OF COLUMBUS OHIO; 911 RESTORATION OF CLEVELAND OHIO, INC., an Ohio corporation; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.  2:15-cv-00629-R-SH<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS** |

      Plaintiff, 911 RESTORATION FRANCHISE, INC. ("Plaintiff"), having commenced this action on January 27, 2015 (the "Action") for trademark infringement and other relief against Defendants, GARY BLAKENEY, an individual doing business as 911 Restoration of Cleveland, OH doing business as Restoration 911 doing business as 911 Restoration of Columbus Ohio; and 911 RESTORATION OF CLEVELAND OH, INC., an Ohio corporation (collectively, the "Defendants"), pursuant to the Lanham Act, 15 U.S.C. 1114(1) and 1125(a), for

1

the reason that Defendants used Plaintiff's trademark or a mark similar to the trademark without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or services. 15 U.S.C. §1114(1). Plaintiff having filed for entry of default and default entered on July 10, 2015 against each of the Defendants for failure to plead or otherwise defend in the Action [Doc. 25]; Plaintiff having filed on or about August 5, 2015 a Motion for Default Judgment against such Defendants [Doc. 28]; and Plaintiff's Motion for Default Judgment having been granted on September 22, 2015 [Doc. 30], the Court hereby enters final Judgment and Permanent Injunction[1] against Defendants as follows.

**IT IS HEREBY ORDERED AS FOLLOWS:**

Judgment is hereby entered in the principal amount of $239,926.89, plus attorney's fees of $8,398.54 and costs of $400.00, against each of the Defendants, GARY BLAKENEY, an individual doing business as 911 Restoration of Cleveland, OH doing business as Restoration 911 doing business as 911 Restoration of Columbus Ohio; and 911 RESTORATION OF CLEVELAND OH, INC., an Ohio corporation, jointly and severally.

Further, Plaintiff has successfully obtained an entry of default against Defendants on Plaintiff's trademark infringement claims. Plaintiff has a registered trademark on 911 Restoration. That is prima facie evidence of the ability of the

---

[1] Preliminary Injunction was entered on June 22, 2015 under Doc. No. 22.

mark and of claimant's exclusive right to use it.

Plaintiff has also sufficiently demonstrated likelihood of confusion, and it has proffered evidence that Defendants continue to use 911 Restoration's actual registered trademarks on various materials, including signs, displays, printed materials, advertising and marketing materials.

Second, that for the same reasons, Plaintiff has succeeded on the merits of its claims seeking Defendants' specific performance of certain post-default or post-termination rights under the terminated franchise agreements between Plaintiff and Defendants, because those duties include cessation of use of Plaintiff's mark so as to diminish likelihood of confusion and dilution of Plaintiff's goodwill.

Here, the threat of injury is damage to Plaintiff's goodwill due to Plaintiff's inability to oversee and control Defendants' work and customer service.

The Ninth Circuit has held that "evidence of loss of control over business reputation and damage of goodwill could constitute irreparable harm." *Herb Reed Entertainment, LLC vs. Florida Entertainment Management, Inc.* 736 F.3d 1239 (9th Cir. 2013).

Accordingly, irreparable harm has been shown. The balance of the hardships similarly favors granting permanent relief here where Plaintiff is likely to suffer injury to its goodwill, but Defendants are not faced with any risk save being halted from continuing to benefit from Plaintiff's mark recognition.

Finally, the public interest favors granting relief because there is a strong

public interest in preventing customer confusion and fraud. As explained, likelihood of confusion is high here. This is especially true where a franchisee once had authorization to use a mark, which he has subsequently lost but continues to use the mark.

**THEREFORE, IT IS HEREBY FURTHER ORDERED AS FOLLOWS:**

Defendants, Gary Blakeney dba 911 Restoration of Cleveland, OH dba Restoration 911 dba 911 Restoration of Columbus Ohio; and 911 Restoration of Cleveland Ohio, Inc. and each of their agents, servants, employees, partners, assigns and all acting under in concert with such Defendants are hereby permanently, prohibited, restrained, enjoined from engaging in any of the following acts and compelled to act in accordance with this Court's Order to:

- Immediately cease to operate the franchise businesses under the franchise agreements, and shall not thereafter directly or indirectly represent to the public or hold themselves out as present or former franchisees of Plaintiff;

- Immediately and permanently cease to use in any manner whatsoever any confidential information, methods, procedures, and techniques associated with the system and the marks;

- Cease to use all signs, advertising materials, displays, stationary forms and any other items which display the marks;

- Take such actions as may be necessary to cancel any assumed name or equivalent registration which contains mark "911 Restoration," or any other

4

mark, and furnish Plaintiff satisfactory evidence that they have done so;

- Not to use any reproduction, counterfeit, copy or colorable imitation of the marks in connection with any other business which is likely to cause confusion, mistake or deception, or which is likely to dilute Plaintiff's rights in and to the marks;;

- Not to use any designation of origin, description or representation which falsely suggests or represents an association or connection with Plaintiff constituting unfair competition;

- Immediately deliver to Plaintiff all manuals, records, files, instructions, correspondence, software programs, and other materials related to the operation of the franchise businesses in Defendants' possession or control and all copies thereof and retain no copy or record of any of the foregoing;

- Comply with the restrictions against the disclosure of confidential information and against competition, as set forth in Articles 13 and 14 of the franchise agreements, and cause any other person required to execute similar covenants to comply with such covenants;

- Assign to Plaintiff all rights to the telephone numbers of the franchise businesses and any related Internet business directories or listings or other business listings. Execute all forms and documents required by Plaintiff and all telephone companies at any time to transfer such services and numbers to Plaintiff, and thereafter use different telephone numbers at or in connection with

any subsequent business conducted by Defendants.  Execute all forms and documents required by Plaintiff and all telephone companies at any time to transfer such services and numbers to Plaintiff, and thereafter use different telephone numbers at or in connection with any subsequent business conducted by any of the Defendants;

- Cease competing either directly or indirectly with the Plaintiff or from remaining in a similar franchise business for a period of two years, and within 50 miles radius of the perimeter of Cuyahoga, Medina, Lorain and Franklin counties in the state of Ohio, or within distance of 50 miles of the location of any 911 Restoration Franchise business;

- Cease and desist from using any telephone numbers listed in the Yellow Pages or White Pages or any telephone directory under the name 911 Restoration or any other name similar thereto.

The above Permanent Injunctive Order is effective immediately.

**IT IS SO ORDERED.**

Dated: November 17, 2015            _____
                                     Honorable Manuel Real
                                     United States District Judge

Presented by:

By:   /s/ Gennady L. Lebedev                              .
      LEBEDEV, MICHAEL & HELMI
      Attorneys for Plaintiff, 911 Restoration Franchise, Inc.